IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SARA L. HUTCHESON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-00650 |
| | ) | JUDGE HAYNES |
| JAMES D. KERN, individually and | ) | MAGISTRATE JUDGE BRYANT |
| OWEN TRUCKING CO., INC., | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] INITIAL CASE MANAGEMENT ORDER

I.   **Jurisdiction and Venue**

   A.   Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 and is not in dispute.

   B.   Personal Jurisdiction

Plaintiff contends that this Court has personal jurisdiction over Defendants because this action arises out of alleged tortuous conduct of Defendants to Plaintiff in the State of Tennessee. Defendants do not contest that this Court has personal jurisdiction over them.

   C.   Venue

Plaintiff contends that this Court is the proper venue for this action and is not in dispute.

II.   **Parties' Theories of the Case**

   A.   Plaintiff's Theory of the Case

On or about August 17, 2010 Sara L. Hutcheson was operating a 2006 Pontiac automobile, Vehicle ID Number 1G2MB33B66Y110317, traveling North on

585496

Interstate 65. The Plaintiff was in her proper lane of travel, observing the posted speed limit, and was operating her automobile in a safe and prudent manner. At the time of the accident, James B. Kern was operating a red Freight Semi truck, Vehicle ID Number 1FUJA6GC23LK80870. The vehicle driven by Defendant James B. Kern was owned by Defendant Owen Trucking Co., Inc. The Defendant negligently pulled into the Plaintiff's lane of travel, striking the front right portion of Plaintiff's vehicle causing Plaintiff to run off the road.

      B.      Defendants' Theory of the Case

Defendants state that the proximate cause of the automobile accident set forth in the Complaint was an unnamed defendant's negligent actions in suddenly, and without warning, moving into Mr. Kern's lane of travel from the lane to Mr. Kern's right side forcing Mr. Kern to move his vehicle into the lane on Mr. Kern's left to avoid being struck. Defendants aver that Mr. Kern did all that was possible to avoid making contact with the vehicle being operated by Plaintiff upon being confronted with a sudden emergency proximately caused by the aforementioned negligent actions of the unnamed defendant.

    **III.**    **Schedule of Pretrial Proceedings**

      A.      <u>Rule 26(a)(1) Disclosure</u>

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

      B.      <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall

attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

    C.    <u>Other Pretrial Discovery Matters</u>

This action will be ready for trial by September 24, 2012, and is therefore set for a jury trial on **September 25, 2012** at **9:00 a.m**. If this action is to be settled, the Law Clerk shall be notified by noon, **September 21, 2012**. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on **September 12, 2012**. A proposed pretrial order shall be submitted at the pretrial conference. **at 3:00 p.m.**

All discovery shall be completed by the close of business on February 1, 2012. All written discovery shall be submitted in sufficient time so that the response shall be in hand by February 1, 2012. All discovery related motions shall be filed by the close of business on February 8, 2012. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] shall be filed by the close of business on May 18, 2012, and any responses thereto by June 8, 2012. Any reply shall be filed by the close of business on June 22, 2012.[2] ~~Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers to Megan_Gregory@tnmd.uscourts.gov.~~

All Daubert motions shall be filed by the close of business on March 21, 2012 and any responses thereto by April 4, 2012. Any reply shall be filed by the close of business on April 13, 2012. ~~Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers to Megan_Gregory@tnmd.uscourts.gov.~~

Any motion to amend pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) days to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

By the close of business on February 15, 2012, the Plaintiff shall declare to Defendants (not file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on March 7, 2012, Defendants shall declare to Plaintiff (not file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on May 30, 2012. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

*s/ John S. Bryant*
JOHN S. BRYANT
United States Magistrate Judge

APPROVED FOR ENTRY:

s/Devon J. Sutherland
Devon J. Sutherland (BPR # 20302)
Sutherland Law Office
700 Johnny Cash Parkway, Suite 201
Hendersonville, TN 37075
(615) 824-7059
devon@highlandtitle.biz

Attorney for Plaintiff, Sara L. Hutcheson


**MANIER & HEROD**

s/John E. Quinn
John E. Quinn (BPR # 12220)
2200 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219
(615) 742-9351
jquinn@manierherod.com

Attorneys for Defendants, James D. Kern and
Owen Trucking Co., Inc.